UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

COLIN REID,

        Petitioner

        -vs-

WARDEN CRAIG APKER,
LSCI ALLENWOOD,

        Respondent

NO. 3:CV-05-902

(Judge Kosik)

## **MEMORANDUM**

Before the court is petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. For the reasons which follow, the petition for writ of habeas corpus will be dismissed.

### Background

Petitioner, Colin Reid, an inmate presently confined at LSCI Allenwood, White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 3, 2005. Named as the sole respondent is Craig Apker, Warden at LSCI Allenwood. On May 17, 2005, petitioner filed an application to proceed _in forma pauperis_.[1]

In his petition, petitioner states that on December 2, 2003, he plead guilty to Count I of an indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1) in the United States District Court for the District of Nebraska. On February 23, 2004, petitioner was sentenced to five years imprisonment and four years supervised release. Petitioner alleges that he is a native and citizen of Jamaica and that at the time of his arrest authorities failed to inform him of his

---

[1] For purposes of this Memorandum, we will grant petitioner's application to proceed _in forma pauperis_.

right to consult with his nation's consul as required by the Vienna Convention. Petitioner asserts that his due process and equal protection rights were violated. Petitioner seeks to have his indictment and/or conviction vacated.

Discussion

Habeas corpus petitions brought under §2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977)(applicable to §2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156-158-59 (M.D.Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. §2255.

28 U.S.C. §2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

* * *

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

We find that petitioner is seeking to have his conviction and sentence vacated and therefore, his claim should be brought by way of a §2255 motion before the sentencing judge.

To be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). It is the inefficacy of the remedy, not the

personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir. 1997)(stating "The remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion."). Moreover, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

We find that the claim raised by petitioner, namely that his indictment and/or conviction should be vacated because he was not informed of his right to contact his consul in violation of the Vienna Convention, is a challenge to his conviction and sentence so as to bring it within the ambit of 28 U.S.C. §2255. *See, Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir. 2005). Because the petitioner has not established that his remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention, the petitioner may not proceed with his 28 U.S.C. §2241 petition. Accordingly, we will dismiss the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 without prejudice to the petitioner to file a 28 U.S.C. §2255 motion. An appropriate Order will be entered.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

COLIN REID,
        Petitioner

    -vs-

WARDEN CRAIG APKER,
LSCI ALLENWOOD,
        Respondent

NO. 3:CV-05-902

(Judge Kosik)

## **ORDER**

AND NOW, this 31st day of May, 2005, IT IS HEREBY ORDERED THAT:

(1) The petitioner's application to proceed *in forma pauperis* is **GRANTED**;

(2) The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is **DISMISSED** without prejudice; and,

(3) The Clerk of Court is directed to **CLOSE** this case.

                      s/Edwin M. Kosik
                      United States District Judge